UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARVIN VASQUEZ, YOLANDA VASQUEZ and PREMIER SECURITY SERVICES WORLDWIDE CORPORATION,

    Plaintiffs,

v.                                Case No:   6:15-cv-1175-Orl-41TBS

STONEYBROOK WEST MASTER ASSOCIATION, INC. and SENTRY MANAGEMENT, INC.,

    Defendants.

## ORDER

Pending before the Court is Plaintiffs' Unopposed Motion for Enlargement of Deadlines in Current Case Management and Scheduling Order (Doc. 40). The motion asks the Court to extend the deadlines for mediation, completion of discovery, the filing of dispositive and Daubert motions, the filing of the joint final pretrial statement and trial briefs, and the trial status conference (Id., ¶¶ 1, 13).

On motion of Defendants, the Court dismissed this case without prejudice, with leave to amend on or before May 2, 2016 (Doc. 34). By mistake, Plaintiffs' counsel failed to amend the complaint and on May 3, 2016, the case was dismissed without prejudice (Doc. 40, ¶ 4; Doc. 35). On May 4, Plaintiffs moved the Court to vacate the dismissal (Doc. 36). That motion was denied without prejudice and on May 6, Plaintiffs filed their renewed motion (Docs. 37-38). The Court granted the motion on June 20, 2016 and gave Plaintiffs until July 5 to file their amended complaint (Doc. 39).

Now, Plaintiffs argue it is impossible to complete discovery, mediate the dispute, and comply with all of the other deadlines in the Case Management and Scheduling Order ("CMSO") governing the case (Doc. 40, ¶ 12). Consequently, Plaintiffs seek, and Defendants do not oppose, a 90 day extension of all remaining deadlines in the CMSO except, the motion does not seek a continuance of the trial from the January 3, 2017 trial docket (Id.).

Federal Rule of Civil Procedure 16(b)(4) permits modification of scheduling orders "only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting FED. R. CIV. P. 16 advisory committee's note, 1983 amendment). Plaintiffs' mistake is not compatible with the exercise of due diligence. Consequently, Plaintiffs have not shown good cause.

The CMSO provides in part:

> 1. **Dispositive Motions Deadline and Trial Not Extended** - Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice.… The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 3 1/2 months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial.
>
> 2. **Extensions of Other Deadlines Disfavored** - Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed.R.Civ.P. 16(b).

(Doc. 29 at 4-5).

Because Defendants do not oppose Plaintiffs' request for an extension of time and a continuance of the trial date has not been sought, the Court will **GRANT** the motion **in part**, by establishing the following new deadlines:

>Mediation to be completed by September 15, 2016

>Discovery to be completed by September 30, 2016

In all other respects, the motion is **DENIED**.   As stated in the CMSO "any discovery conducted after the dispositive motions date … will not be available for summary judgment purposes; and [ ] no party will use the granting of the extension in support of a motion to extend another date or deadline."   (Doc. 29 at 5).

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record